UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHAEL SMITH BAKER,

                                        Plaintiff,

                   -against-

DETECTIVE ANTHONY GERMAN and
DETECTIVE FEDERICO IRIZARRY,

                                        Defendants.
------------------------------------------------------------------------x

**STIPULATION AND
PROTECTIVE ORDER
CONCERNING INSPECTION
OF THE 1ST PRECINCT OF
THE NEW YORK CITY
POLICE DEPARTMENT**

15 Civ. 7296 (KPF)

   **WHEREAS**, Plaintiff has requested that the City of New York provide him entry

and access to the New York City Police Department's ("NYPD") 1st Precinct for the purposes of

inspecting, measuring, and photographing the room where Plaintiff was interviewed by

Defendants on March 26, 2015, the bathroom where he alleges that he was assaulted, and the

area in between the bathroom and the room where Plaintiff was interviewed; and

   **WHEREAS**, the Defendants believe that the taking of photographs may implicate

security concerns, which the Defendants believe would be harmful to the privacy, governmental

and law enforcement interests of the City of New York, its employees, and detainees; and

   **WHEREAS,** because of security concerns, the City of New York deems the

photography and any information or document depicting the likeness of the interior of the 1st

Precinct privileged and/or confidential; and

   **WHEREAS**, Defendants object to granting Plaintiff's counsel access to 1st

Precinct for the purpose of inspecting, measuring, or photographing any agreed upon areas at the

1st Precinct unless appropriate protection for confidentiality is assured and that Plaintiff,

Plaintiff's counsel, and anyone associated with Plaintiff and his counsel agree to and abide by the

terms and conditions set forth below; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, attorneys for Plaintiff and Defendants, respectively, as follows:

1.      This "Matter" shall mean <u>Michael Smith Baker v. Detective Anthony German, et al.</u>, 15 Civ. 7296 (KPF).

2.      "Plaintiff" shall mean Michael Smith-Baker.

3.      "Defendants" shall mean Detective Anthony German and Detective Frederico Irizarry.

4.      As used herein, "Confidential Materials"[1] shall mean the photographs, negatives or digital camera files, print images, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to any inspection of the interior of the 1st Precinct. The City of New York deems these materials as confidential because of security, law enforcement, governmental and/or privacy interests of the City of New York, its employees, and detainees. These materials shall be deemed confidential except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are otherwise publicly available.

5.      The Confidential Materials are for "attorney's eyes only", except for the conditions set forth in paragraph "6".

---

[1] By entering into this Stipulation, Defendants do not waive any objections to the admissibility of any materials generated as a result of the inspection and Plaintiff does not waive any objections to the designation of the documents as confidential.

6.    Before trial, Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

(a) The Confidential Materials may be shown, though copies of the same shall not be transmitted or provided, to Plaintiff solely for the purpose of trial preparation.

(b) Disclosure may be made only to experts retained or specially employed by Plaintiff in preparation for this action, or his attorneys in this action, to a witness at a deposition, or to the Court, court personnel, any appellate court in this Matter, professional court reporters, any member of the court reporter's staff, or video operators transcribing deposition or testimony in this Matter.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court, court personnel, or any appellate court in this Matter), Plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order Concerning Inspection of the 1st Precinct of the New York City Law Department, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  Plaintiff's attorney will retain a copy of the signed consent and furnish a copy to counsel for Defendants upon request, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is served.

7.      Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the evaluation, preparation for and/or presentation at trial, or settlement of claims or defenses in the above-entitled case.

8.      Plaintiff's attorneys shall provide any individual accompanying them to the 1st Precinct with a copy of this Stipulation and Protective Order Concerning Inspection of the 1st Precinct of the New York City Law Department, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials.  The original of each signed consent form shall be retained by Plaintiff's attorneys and a copy thereof shall be given to Defendants' attorneys upon request.

9.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony relating to the Confidential Materials, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, and marked as "Confidential Information Governed by Protective Order."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order Concerning Inspection of the 1st Precinct of the New York City Law Department.

10.     If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

11.     However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of confidential

and/or identifying information would be sufficient to protect the interests of Defendants, the parties may file redacted documents without further order of the Court provided that the filing of the redacted documents comply with applicable rules and regulations, including the Individual Rules of the judge to whom the papers are directed.

12. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the Confidential Materials in support of a motion for summary judgment or any other dispositive motion or at a trial on the merits in this matter, such materials will not be subjected to the instant Protective Order. Upon a showing that the Confidential Materials may be disclosed at a hearing or at trial, and that the disclosure should be protected, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

13. In the event the District Court finds the Confidential Materials admissible at a trial of this action, the Confidential Materials may be disclosed to any witnesses who may be called to testify, provided that such witnesses acknowledge, either in writing or on the record, his or her understanding of the Stipulation and Protective Order Concerning Inspection of the 1st Precinct of the New York City Law Department and the fact that he or she is bound by its terms.

14. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, notes, computer-generated likenesses or visual depictions of any kind whatsoever relating to the inspection of the interior of the 1st Precinct, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be destroyed; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials

containing plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Upon written request, Plaintiffs' counsel shall provide a representation within fifteen (15) days that Plaintiff's counsel has complied with their obligations under this Paragraph. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

15.	Plaintiff's attorneys, photographer, and/or anyone else accompanying them to the 1st Precinct shall not under any circumstances inspect, photograph or draw in any fashion, the following items and/or locations during the above mentioned inspection: any type of key, lock, locking mechanism, keyholes, door knobs and/or other similar equipment used to secure the doors, gates and windows; any electronic and/or law enforcement equipment; the Sergeant's desk area; and any detainee or police personnel, whether in uniform or not. Plaintiff's attorneys, and any individual accompanying them to the inspection, may not bring or use a video-camera, wide angle camera, tape recorder or use any cell phone camera while at the 1st Precinct.

16.	Plaintiff's attorneys, and any individual accompanying them to the inspection, shall not speak to any detainee for any reason.

17.	Plaintiff's attorneys, and any individual accompanying them to the inspection, shall not interview or question any NYPD personnel for any reason, unless given explicit permission by Defendants' attorneys.

18.     If at any time it appears to the attorneys for Defendants and/or NYPD personnel present during the inspection that Plaintiff's attorneys or anyone accompanying them is inspecting or taking video, photographs or drawings of any prohibited item, area or individual described above, whether inadvertently or not, Plaintiff's attorneys will be immediately directed and expected to cease videotaping, inspecting, photographing or drawing, and the inspection shall be terminated.  At that time, if necessary, the parties will endeavor to resolve the dispute in question.  If the parties cannot resolve such matters after a good faith effort, then the parties reserve the right to seek relief from the Court.

19.     Within 30 days after the inspection, the Plaintiff's attorneys shall provide the Defendants with digital copies of all photographs and other images taken during the above mentioned inspection, regardless of their quality, and shall designate in good faith such documents as "Confidential Materials" by labeling such documents "Confidential" and by designating such documents by bates number in a writing directed to Defendants' attorneys. Defendants' attorneys reserve the right after inspection of these materials and if necessary, to determine whether a prohibited item, area, or individual as described above, has been inadvertently photographed by Plaintiff.  Defendants will inform Plaintiff's attorneys of such determinations within a reasonable period after receipt of the photographs and images.  Plaintiff will, within ten (10) days after receipt of Defendants' objections, respond in writing to Defendants' determination concerning the photographs and images of the prohibited item, area, or individual.  If the parties cannot resolve such matters after a good faith effort, then the parties may seek relief from the Court.

20.    The parties reserve their rights to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

21.    This Stipulation and Protective Order shall be binding upon the Parties immediately upon signature and shall be submitted to the Court for entry as an Order of the Court. The failure of the Court to enter this Stipulation and Protective Order, shall not void or otherwise alter the agreement between the parties.

22.    Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

New York, New York
Dated: January  6  , 2020

TANSY WOAN
*Pro Bono Counsel for Plaintiff*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
151 West 42nd Street
New York, New York 10036
(212) 735-3000


By: _____
       Tansy Woan

LEKË BADIVUKU
*Pro Bono Counsel for Plaintiff*
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
151 West 42nd Street
New York, New York 10036
(212) 735-3000

By: _____
       Lekë Badivuku

JAMES E. JOHNSON
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
       John L. Garcia

- 8 -

**SO ORDERED:**

_____
**HON. KATHERINE POLK FAILLA**
**UNITED STATES DISTRICT JUDGE**

**Dated:** _____ January 6 ___, **2020**

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Stipulation and Protective Order Concerning Inspection of the New York City Police Department 1st Precinct entered in the United States District Court for the Southern District of New York in the action entitled <u>Michael Smith Baker v. Detective Anthony German, et al.</u>, 15 Civ. 7296 (KPF); and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation