Case 1:15-cv-07296-KPF   Document 119   Filed 06/11/21   Page 1 of 3




**T**HE **C**ITY OF **N**EW **Y**ORK

**GEORGIA E. PESTANA**
*Acting Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY KALMBACH**
*Assistant Corporation Counsel*
Phone: (212) 356-2322
Fax: (212) 356-3509
Email: zkalmbac@law.nyc.gov

June 8, 2021

**VIA ECF**
District Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    <u>Baker v. German, et al.</u>,
              15 Civ. 7296 (KPF)

Your Honor:

        I represent the defendants German and Irizarry in the above-referenced action. Defendants write pursuant to Section 2(C) of Your Honor's Individual Rules to respectfully request that the Court compel plaintiff to provide defendants with an executed HIPAA release that allows defendants to discuss plaintiff's health information with Jean Grandoit, the Physician's Assistant ("P.A.") who conducted the first medical examination of plaintiff after the alleged incident. The parties met and conferred but were unable to resolve this issue.

        By way of background, on or around August 8, 2017, plaintiff provided defendants with an executed HIPAA authorization for the release of plaintiff's medical records relating to treatment plaintiff received while he was in custody of the New York City Department of Correction ("DOC"). However, the section of the release which would have authorized defendants to discuss plaintiff's health information with his treating providers was not completed. This Office became aware of the HIPAA release's deficiency on or around May 21, 2021. Defendants promptly asked plaintiff to provide an executed release which allows defendants to discuss plaintiff's health information with P.A. Grandoit. Plaintiff declined, thus necessitating the instant motion.

        Defendants apologize for not raising this issue sooner, but as discussed, this Office did not become aware of the issue until recently. As trial is now approaching, it is of obvious importance that the parties are able to contact potential witnesses and substantively discuss issues as to which they may be called to testify. Here, P.A. Grandoit's treatment of plaintiff and records thereof are—and have been—important pieces of evidence in this case. As such, it should not

surprise plaintiff that defendants would wish to speak to P.A. Grandoit about plaintiff's medical treatment.[1]  Indeed, plaintiff has previously expressed interest in deposing P.A. Grandoit (but ultimately declined to do so).  However, without plaintiff's authorization, defendants are prohibited from having any discussions with P.A. Grandoit regarding plaintiff's medical treatment, despite P.A. Grandoit's clear importance to this case.  As such, defendants respectfully request that the Court permit defendants to discuss plaintiff's health information with P.A. Grandoit so as to fully prepare for trial and, *inter alia*, determine whether to call P.A. Grandoit as a witness.

Additionally, defendants emphasize that they have limited their request to a HIPAA release which only allows for defendants to *discuss* plaintiff's health information with P.A. Grandoit.  That is, the requested release would not authorize defendants to obtain any records or other documents from P.A. Grandoit.

Accordingly, defendants respectfully request that the Court compel plaintiff to provide defendants with an executed HIPAA authorization for defendants to discuss plaintiff's medical treatment with P.A. Jean Grandoit.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Assistant Corporation Counsel*

cc: **Via ECF**
Tansy Woan, Esq.
Lekë Badivuku, Esq.
*Attorneys for plaintiff*

---

[1] Defendants note that their Initial Disclosures identified "[a]ny individuals identified on the documents produced in defendants' Rule 26(a) disclosures and/or supplemental disclosures made by defendants."  P.A Grandoit was obviously captured by this identification.  In any event, P.A. Grandoit is likely an impeachment witness, and thus defendants were not required to identify him prior to trial.

Application DENIED, for substantially the reasons articulated in Plaintiff's letter in opposition. (See Dkt. #118). The Clerk of Court is directed to terminate the motion pending at docket entry 117.

Dated:     June 11, 2021                SO ORDERED.
           New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE