

June 25, 2021

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

                RE:    *Baker v. German, et al.*,
                        No. 15 Civ. 07296 (KPF) (S.D.N.Y.)

Dear Judge Failla:

Pursuant to Section 9.B of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff respectfully seeks leave to file under seal (i) portions of the Memorandum of Law in Support of Plaintiff's Motion *in Limine* to Preclude Defendants from Introducing Certain Evidence Relating to Plaintiff's Medical Records and (ii) certain exhibits of the Declaration of Tansy Woan in Support of Plaintiff's Motions *in Limine* dated June 25, 2021, related to Plaintiff's medical records and criminal history.

As the Court is aware, the Second Circuit has recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). For instance, documents may be sealed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*; *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."); *cf. Burke v. Glanz*, No. 11-cv-720, 2013 WL 211096, at *4 (N.D. Okla. Jan. 18, 2013) ("Courts should be wary of modifying a protective order where a party has complied with discovery in reliance on the agreement.").

First, Plaintiff respectfully requests that the Court protect his medical records from public disclosure by allowing Plaintiff to file portions of his brief and the medical records under seal. Courts in this district have recognized that a party's privacy interests with respect to medical records outweighs competing considerations of public access. *See Gutierrez v. Dubois*, No. 20 Civ. 2079 (PGG), 2020 WL 3072242, at *10 (S.D.N.Y. June 10, 2020) (granting motion to file medical records under seal because the "presumption of access is outweighed here by [the party's] considerable privacy interest in his sensitive medical information"); *United States v. Suarez*, No. 16-cr-453 (RJS), 2020 WL 5513333, at *1 (S.D.N.Y. Sept. 14, 2020) (similar). The proposed redactions in Plaintiff's brief are narrowly tailored to ensure that the public has access to the parts material to Plaintiff's position that the records be limited or excluded while protecting from disclosure certain references that are highly sensitive. Because the medical records are unable to be easily redacted in a form that is comprehensible, Plaintiff respectfully requests that the Court allow Plaintiff to file them under seal. *See Michelo v. Nat'l Collegiate Student Loan Trust 2007-*

*2*, No. 18-CV-1781, 2021 WL 1637814, at *1 (S.D.N.Y. Apr. 27, 2021) (ordering medical records that could not "easily be redacted" to be kept under seal). Moreover, because the medical records have been designated "Confidential" pursuant to the Stipulation of Confidentiality and Protective Order due to Plaintiff's privacy interests, Plaintiff respectfully requests that they not be disclosed publicly. (*See* ECF 93 at 2-3.)

Second, Plaintiff respectfully requests that the Court protect against the disclosure of highly sensitive information by allowing Plaintiff to file two documents related to his criminal history under seal. By allowing Plaintiff to file the documents under seal, the Court would be protecting from disclosure highly personal information that has little bearing on Plaintiff's excessive force claims while allowing access to the public regarding the pertinent portions of the documents in Plaintiff's legal brief that are unredacted. *See Holiday Hosp. Franchising, LLC v. J&W Lodging, LLC*, No. 1:17-CV-01663-ELR, 2019 WL 3334614, at *10 (N.D. Ga. Mar. 7, 2019) (granting motion to seal deposition testimony relating to party's criminal history because "it was "highly personal and has no relevance to the case."). Moreover, because the two documents bear a high risk of embarrassment, Plaintiff respectfully requests that they not be disclosed publicly. *Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011) (granting motion to seal exhibits relating to criminal, mental health, and medical history to "protect Plaintiff from embarrassment and because balancing the need for the public's access . . . against Plaintiff's need for confidentiality weighs strongly in favor of sealing").

In light of the foregoing and because these interests outweigh the right of public access, Plaintiff respectfully requests that the Court seal his medical records and criminal history from public disclosure.

Respectfully submitted,

By: /s/ Tansy Woan
Tansy Woan

*Attorney for Plaintiff Michael Smith-Baker*

---

```
Application GRANTED.  Due to the sensitive personal nature contained
therein, Plaintiff's medical record may be filed under seal.  Evidence
related to Plaintiff's criminal history shall be filed under seal
pending resolution of Plaintiff's motion in limine regarding the
admissibility of this evidence at trial.

Dated:    June 28, 2021               SO ORDERED.
          New York New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE